## P. LORILLARD & Co. *v*. DRUMMOND TOBACCO Co. and others.

*(Circuit Court, S. D. New York.* February 28, 1882.)

LABEL.

Neither a letter nor a horseshoe, nor any such simple device, can be claimed as a label.

*Gifford & Gifford,* for plaintiffs.

*S. S. Boyd,* for defendants.

BLATCHFORD, C. J. The first claim of the reissue ["Improvement in Plug Tobacco," granted to Charles Siedler, October 24, 1876,] is the only one involved in this suit. That claim has not been directly sustained in any suit on final hearing. It was not directly sustained in the suit against Dohan. The third claim was infringed and sustained in that suit, and the novelty of that claim was put upon the ground of a distinction between metallic letters too large to have enough to answer the purpose of a label, and a label with letters on it. If in that suit the first and fourth claims were considered, the word "label" in those claims did not require, for the purposes of the infringement, that any label not having letters on it should be considered.

The defendants' device in this case is a plain metallic horseshoe with no letters on it. It may be a trade-mark, but as such it is not like the plaintiffs' device as a trade-mark. As anything else, it is no more a label than the letters which, in the Dohan case, were held not to be labels were labels. A single letter, recognizable as such, is quite as much a distinguishing mark made by a piece of separate material as is a piece of metal of the form of a horseshoe. The letter B would be called the letter B, and the plain horseshoe would be called a horseshoe; but, to sustain the patent, neither can be called the label referred to in it.

The motion is denied.

See *Hostetter* v. *Adams,* 10 FED. REP. 838.